IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| Albert ASTARITA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00844-NKL |
| | ) | |
| AMERISTAR CASINO KANSAS CITY, LLC d/b/a AMERISTAR CASINO HOTEL KANSAS CITY, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiff Albert Astarita's motion to remand. Doc. 6. For the following reasons, Astarita's motion to remand is granted, but his request for fees is denied.

**I.     Introduction**

Astarita, who has been diagnosed with and is currently receiving treatment for post-traumatic stress disorder, depression, anxiety and chronic migraines, worked for the Ameristar Casino as a table games dealer from October 18, 2000 through November 8, 2016. For the first 15 years of his employment, Astarita was disciplined rarely, if at all. However, Ameristar started disciplining Astarita under allegedly specious circumstances in or around July 2015. Astarita alleges that this discipline, and the termination of his employment, constitutes discrimination and retaliation based on his disability in violation of the Missouri Human Rights Act.[1]

---

[1] Count III of his Petition alleges that Astarita was wrongfully discharged in violation of public policy. The basis of this claim does not relate to Astarita's disabilities or his requested accommodations, but rather, the fact that he was terminated shortly after he filed a lawsuit against Ameristar for violations of the Fair Labor Standards Act and the Missouri Minimum Wage Law.

1

Specifically, the last of such disciplinary actions occurred after Astarita informed his supervisor that he would need to leave work, and could not work overtime, due to his disabilities. During his shift, Astarita's vision had become blurry and he developed a headache, symptoms which usually precede a migraine. Astarita had to follow up with his supervisor multiple times before he was allowed to leave. About two weeks later, in a meeting with Defendant Kathy Mulford and Defendant Stephanie Martens, Astarita's employment was terminated for being "unprofessional" when he asked to leave due to his migraine.

On November 3, 2017, Astarita timely filed suit in Clay County, Missouri, alleging discrimination based on his disability and retaliation under the Missouri Human Rights Act (MHRA), and wrongful discharge in violation of public policy.[2] Doc. 1-3 (Petition). As part of his MHRA claims, Astarita alleges that Ameristar failed to accommodate his disabilities and retaliated against Astarita for requesting accommodation. At his deposition, Astarita stated that he believed his requests for FMLA leave amounted to requests for accommodations. Doc. 1-2 (Astarita Deposition), pp. 508:22–25, 519:20–25. According to the defendants, Astarita's testimony shows that a court will have to interpret the FMLA before deciding whether Astarita's requested accommodation was reasonable under the MHRA.

The defendants removed the case on October 24, 2018, stating that Astarita's MHRA claims depend on a substantial question of federal law.[3] Doc. 1. On November 13, 2018,

---

See *Astarita v. Pinnacle Entertainment, Inc. et al.*, No. 4:15-cv-00095-GAF.

[2] Astarita filed a Charge of Discrimination against Mulford, Martens and Ameristar with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR) on March 6, 2017, and Astarita received a Notice of the Right to Sue on October 4, 2017.

[3] Because Astarita does not challenge the timeliness of the Notice of Removal, the Court does not

Astarita filed a motion to remand and for attorneys' fees, arguing that the Court lacks subject matter jurisdiction. Doc. 6. In response to the motion to remand, defendants also argue that Astarita's retaliation claim is preempted by the FMLA. Doc. 11.

## II. Discussion

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Therefore, removal statutes are strictly construed. *See Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, and all doubts about federal jurisdiction must be resolved in favor of remand." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015) (citations omitted).

### A. Federal Question Jurisdiction

Section 1441(a) permits removal of any civil action "of which the district courts of the United States have original jurisdiction." As relevant here, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In the "vast bulk" of suits within Section 1331's grant of jurisdiction, "federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). However, federal jurisdiction also exists when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314

---

address whether Defendants' removal, nearly one year after Astarita filed his petition, was timely.

3

(2005); *see also Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (describing *Grable* as applying to a "special and small category of cases"); *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) ("Federal question jurisdiction exists if . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

Defendants argue that Astarita's FMLA allegation is a necessary and central element to determining Astarita's MHRA claims because a court will have to determine whether defendants violated the FMLA by not allowing Astarita to leave immediately. A plaintiff claiming discrimination under the MHRA must show that "(1) he is legally disabled; (2) he was discharged or suffered an adverse employment action; and (3) the disability was a factor in his discharge or adverse employment action." *Baldridge v. Kansas City Pub. Sch.*, 552 S.W.3d 699, 710 (Mo. Ct. App. 2018) (citation omitted). A plaintiff claiming retaliation under the MHRA must show that 1) plaintiff complained of discrimination, 2) the employer took adverse action, and 3) there is a causal relationship between the complaint and the adverse action. *See Jain v. CVS Pharmacy, Inc.*, 779 F.3d 753, 760 (8th Cir. 2015) (listing elements).

These elements do not require a court to find that the defendants violated the FMLA. First, defendants have not provided any authority to show that a request for leave must be valid under the FMLA in order to be considered a reasonable accommodation under the MHRA. A factfinder could find that defendants denied Astarita's requested leave in violation of the MHRA even if the FMLA does not govern or mandate that such leave be granted. *See Agard v. Mallinckrodt Enterprises, LLC*, No. 16-443, 2018 WL 488933, at *9 (E.D. Mo. Jan. 19, 2018) ("The Missouri Supreme Court has determined that the MHRA may offer greater discrimination protection than that available under federal standards."); *Wells v. Lester E. Cox Med. Centers*,

4

379 S.W.3d 919, 925 (Mo. Ct. App. 2012) ("[T]he protections provided by federal statutes . . . are not identical to those provided by the MHRA.").

Second, Astarita pleads other adverse employment actions that do not rely on his failure to accommodate theory of liability.[4] Supporting these theories, he asserts that he was both terminated two weeks after he experienced medical difficulties at work and also disciplined for allegedly "abandoning his work area" in order to file a complaint with Human Resources. Doc. 1-3 (Petition), ¶¶ 26, 28–29. "If the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for the purposes of § 1331." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 817 (4th Cir. 2004) (cited with approval in *Central Iowa Power Coop. v. Midwest Indep. Transmission Operator, Inc.*, 561 F.3d 904, 914 (8th Cir. 2009)). Accordingly, Astarita's testimony that he believed his requests for FMLA leave constituted requests for accommodation do not confer jurisdiction.

Finally, even if Astarita's FMLA claims are central to the dispute and necessarily raised, defendants have not argued that the federal FMLA question is substantial. "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will *always* be true when the state claim 'necessarily raise[s]' a disputed federal issue, as *Grable* separately requires. The substantiality inquiry . . . looks instead to the importance of the issue to the

---

[4] Count I states that defendants "discriminated against Astarita because of his disabilities, discriminated against [him] with respect to the terms and conditions of his employment, and failed to accommodate [his] disabilities, in violation of [the MHRA]" as bases for relief. Doc. 1-3, ¶ 64. Count II states that defendants "retaliated against him for exercising his statutorily protected rights by adversely altering the terms, conditions, and/or privileges of his continued employment, including the continued denial of his request for accommodation." *Id.* at ¶ 80. Defendants acknowledged these alternative grounds for relief by referring to the "remainder" of Astarita's MHRA claims beyond his failure to accommodate theory. Doc. 1 (Notice of Removal), ¶ 17.

5

federal system as a whole." *Gunn v. Minton*, 568 U.S. 251, 260 (2013) (differentiating the dispositive federal issue posed in malpractice suit from federal question in *Grable*). For example, jurisdiction existed in *Grable*, where a state law claim for quiet title challenged the adequacy of the IRS's notice procedure, *Grable*, 545 U.S. at 310–11, but not in *Empire Healthchoice*, which posed only a "fact-bound and situation-specific" federal question rather than "a nearly 'pure issue of law'" that would be "controlling in numerous other cases." *Empire Healthchoice*, 547 U.S. at 700–01 (differentiating *Grable*).

Defendants have not offered any argument as to why Astarita's FMLA allegations present a novel issue or one that is otherwise important to the federal system as a whole. Thus, the defendants have not shown that this case is within the "special and small category of cases" exemplified by *Grable*. *Empire Healthchoice*, 547 U.S. at 699.

Defendants also argue that Astarita's claim for retaliation is preempted because the MHRA permits, and Astarita is pursuing, punitive damages, which are not permitted under the FMLA. A state law "is preempted when Congress expressly prohibits state regulation, when Congress implicitly leaves no room for state involvement . . . and when state law directly conflicts with federal law." *Chapman v. Lab One*, 390 F.3d 620, 624 (8th Cir. 2004) (citation omitted). Usually, preemption is a defense that does not confer federal jurisdiction. *M. Nahas & Co. v. First Nat. Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991) ("[A] defendant is not entitled to remove simply because federal law . . . will provide a . . . complete defense[] to plaintiff's state law claims."). But if "the pre-emptive force" of federal law is "extraordinary[,] . . . it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Chapman*, 390 F.3d at 625 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987)). In such circumstances, "'complete preemption' of

a state-law cause of action provides a basis for removal." *Id.*

Even assuming that Astarita's claim for punitive damages conflicts with the remedies afforded by the FMLA,[5] the Court lacks jurisdiction because complete preemption does not apply. "'When the statute's language is plain, [a court's] inquiry into preemption both begins and ends with the language of the statute itself.'" *Ferrell v. Air EVAC EMS, Inc.*, 900 F.3d 602, 606–07 (8th Cir. 2018) (citation omitted). The FMLA states, "[n]othing in this Act . . . shall be construed to modify or affect any . . . State law prohibiting discrimination on the basis of . . . disability" and "[n]othing in this Act . . . shall be construed to supersede any provision of any State or local law that provides greater . . . medical leave rights than the rights established under this Act." 29 U.S.C. § 2651(a), (b). "As noted by several other courts addressing this issue, the language of the FMLA does not indicate an intent by congress to completely displace ordinarily applicable state law, and therefore the complete preemption exception does not apply." *Davis v. Oliver St. Dermatology Mgmt., LLC*, No. 17-0250-FJG, 2017 WL 3494231, at *2 (W.D. Mo. Aug. 15, 2017) (collecting cases). Therefore, even if the remedies pled conflict with the FMLA, preemption would be a defense, and thus there is no basis for federal jurisdiction.

**B.   Request for Attorneys' Fees and Costs**

Astarita requests an award of fees and costs associated with the filing of his motion to remand. Doc. 6, p. 8. He argues that removal was only a delay tactic, since the same arguments

---

[5] To support this argument, defendants cite *Anderson v. Shade Tree Services, Co.*, No. 12-1066, 2012 WL 3288120 (E.D. Mo. Aug. 10, 2012). In *Anderson*, the plaintiff alleged "that his termination was in violation of Missouri public policy, in that it violated the FMLA." *Id.* at *2. As previously discussed, Astarita is not alleging violation of the FMLA. In other words, he is not seeking "common law remedies for the violation of rights afforded by the FMLA," *id.*, but rather, MHRA remedies for the violation of rights afforded by the MHRA. There is no conflict.

7

could have made a year ago when the case was filed. A district court may require a removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of removal" in an order to remand. 28 U.S.C. § 1447(c). Absent unusual circumstances, an award is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal. . . . [W]hen an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As set forth above, Astarita's reference to the FMLA during his deposition created a reasonable basis for seeking removal in this case. Therefore, Astarita's request for costs and fees is denied.

**III**. **Conclusion**

For the foregoing reasons, Astarita's motion to remand, Doc. 6, is granted, but his request for costs and fees is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: <u>January 15, 2019</u>
Jefferson City, Missouri